Matter of Clovis R.W. v Sandra D. (2021 NY Slip Op 03565)





Matter of Clovis R.W. v Sandra D.


2021 NY Slip Op 03565


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Docket No. V-00976/17, V-00977/17, G-38146/16, G-38147/16 Appeal No. 14024-14024A Case No. 2019-05537 

[*1]In the Matter of Clovis R.W., Petitioner-Appellant,
v
Sandra D., Respondent-Respondent.
In the Matter of Sandra D., Petitioner-Respondent,
v
Clovis R.W., Respondent-Appellant.


Carol L. Kahn, New York, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), attorney for the children.



Orders, Family Court, New York County (Carol Goldstein J.), entered on or about December 9, 2019, which, after a hearing, appointed respondent the children's guardian, and amended order, same court and Justice, entered on or about December 9, 2019, which dismissed with prejudice the petition for a writ of habeas corpus, unanimously affirmed, without costs.
Petitioner father argues that respondent's permanent guardianship petition is facially insufficient for failure to plead unfitness or long-term economic abandonment. However, neither the statute nor the case he cites in support of this argument impose this pleading requirement (see Family Court Act § 661; Matter of A.W.J., 65 Misc 3d 1055 [Fam Ct, Bronx County 2019]). Petitioner's argument that respondent lacked standing to bring a guardianship petition is also unavailing. Respondent established her standing by showing extraordinary circumstances pursuant to Matter of Bennett v Jeffreys (40 NY2d 543 [1976]) (see Matter of Tomeka N.H. v Jesus R., 183 AD3d 106, 109 [4th Dept 2020], lv denied 36 NY3d 909 [2021]; Matter of A.W.J., 65 Misc 3d 1059). For most of their lives the children lived with respondent, who, with the help of her daughters, was their primary caregiver (see Matter of Caron C.G.G. [Alicia G.-Jasmine D.], 165 AD3d 476 [1st Dept 2018]; Matter of Cornell S.J. v Altemease R.J., 164 AD3d 1184 [1st Dept 2018], lv denied 32 NY3d 913 [2019]). Even when the children were with petitioner, he consistently had others care for them — most frequently respondent, who stepped in to provide for their education, health issues, and daily needs. The record amply demonstrates petitioner's parental unfitness and his inability or unwillingness to care for the children for an extended period of time. He made no financial contribution to the children's care, and indeed repeatedly sought financial assistance from respondent, even for such basic necessities as food. When the children were with him in Florida, his apartment was in deplorable condition, he elected not to enroll the older child in school, and he neglected to care for the younger child's severe dental problems. There is also evidence that he hit the older child. Moreover, petitioner was arrested for domestic violence and convicted of battery, and served time in prison. For the foregoing reasons, the court properly dismissed without prejudice the petition for a writ of habeas corpus.
There is no support in the record for petitioner's conclusory claim that the court improperly shifted the burden of proof to him. Nor is there support for his argument that the court erred in concluding that a fair preponderance of the evidence showed extraordinary circumstances that supported the award of guardianship to respondent and that it was in the children's best interests to remain in her care (see Matter of Caron C.G.G., 165 AD3d at 476-477).
Petitioner's arguments about visitation are properly raised before Family Court where, according to the attorney [*2]for the children, he has already filed visitation petitions. Petitioner failed to show that he complained to the court previously about respondent's daughters acting as visitation supervisors.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021